```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

**BANK OF AMERICA, N.A.**                                              **PLAINTIFF**

v.                               Civil No. 11-2096

**CARUK HOLDINGS ARKANSAS, LLC,**
**DENISE L. CARUK; and**
**GORDON C. CARUK**                                                    **DEFENDANT**

<u>ORDER</u>

Now on this 11th day of August, 2011, comes on for consideration defendants' **Motion to Extend Time (Doc. 11),** and plaintiff's response thereto (Doc. 17). The Court, being well and sufficiently advised, finds and orders as follows:

1. On May 27, 2011, plaintiff, Bank of America, N.A., filed a Verified Complaint in Foreclosure against defendants.

2. On June 9, 2011, plaintiff filed affidavits of service representing that defendants had been served with summonses on June 4, 2011.

3. Pursuant to Rule 12(a)(1)(A)(i), defendants' answers were due on June 27, 2011. Defendants did not file their answers, or otherwise respond to the complaint.

4. Plaintiff asserts that on July 11, 2011, and again on July 12, 2011, counsel for defendants contacted counsel for plaintiff and requested an extension of time to file their answers. Plaintiff declined to agree to an extension.

5. On July 12, 2011, defendants jointly filed their answer and shortly thereafter filed their amended answer. Defendants concede that these answers were untimely.

6. Also on July 12, 2011, defendants filed a Motion to Extend Time in which they stated that they "only recently retained [counsel] and require additional time to respond to Plaintiff's Complaint, if, in fact, the Defendants were served when the Plaintiff allege [sic] in their Affidavit."[1]

Further, defendants assert that good cause exists to grant them an extension of time to file their answers because defendants reside out of state and they "spent a great deal of time locating local counsel to assist in their representation." Defendants assert that their failure to file a timely answer "may be considered excusable neglect."

7. After defendants filed their Motion to Extend Time, plaintiff's filed a Motion for Default Judgment by the Clerk (Doc. 12).

8. On July 13, 2011, the Clerk entered a Default as to each of the named defendants. No entry of a default judgment has been made.

9. On July 27, 2011, plaintiff filed its response to defendants' Motion to Extend in which it asserts that defendants

---

[1] This statement appears to the Court to be untenable. Defendants should know, one way or the other, if they were served with summonses on June 4, 2011.

2

should not be granted additional time to file an answer because their request was untimely and they have failed to show excusable neglect.  Plaintiff also argues that the motion to extend is moot because the Clerk has already entered a default against defendants.

9. Federal Rule of Civil Procedure 6(b)(1)(B) permits a court to grant an extension of time even when the request is made after the deadline has expired.  Thus, the Court may still grant defendants an extension of time to respond to the complaint even though they filed their motion after the deadline to respond had expired.

In order for the Court to grant such extension, however, defendants must show that they failed to act "because of excusable neglect."  *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010); Fed. R. Civ. P. 6(b)(1)(B).  "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'"  *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

In deciding whether neglect is excusable, "the determination is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission."  *Id.* (quoting *Pioneer,* 507 U.S. at 395).  "'[T]he following factors are

particularly important: (1) the possibility of prejudice to [plaintiff]]; (2) the length of [defendants'] delay and the possible impact of that delay on judicial proceedings; (3) [defendants'] reasons for delay, including whether the delay was within [their] reasonable control; and (4) whether [defendants] acted in good faith.'" *Id.* (*quoting Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999)).

These four factors do not carry equal weight. *See Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003). The "reason-for-delay" factor "must have the greatest import" and will always be "critical to the inquiry." *Id.* (internal quotation marks and citations omitted).

Finally, the Eighth Circuit has noted that there is a judicial preference "for adjudication on the merits." *Chorosevic*, 600 F.3d at 947 (internal citation omitted).

10. The Court now turns to the above factors, and will apply them against the facts of this case. Specifically:

* plaintiff has come forward with no reason why it would be prejudiced by an extension of time in this case;
* the defendants' delay was only fifteen (15) days, which is a relatively short delay that will cause little, if any, impact on judicial proceedings; and
* the defendants' reason for delay -- that they were looking for counsel in Arkansas to represent them -- is

4

>a good faith reason for the delay and, while such delay was within their control, there are no facts before the Court to suggest that defendants failed to exercise due diligence in seeking retained counsel.

11. Based on the above facts, the Court finds that defendants' failure to file a timely answer constitutes excusable neglect. Therefore, the Court will grant defendants' **Motion to Extend Time (Doc. 11)**.

The Court notes, however, that defendants previously-filed answers contain a general denial of all allegations in the complaint, and is not proper responses. *See* Fed. R. Civ. P. 12(b). Thus, the Court will order that defendants file proper answers to the complaint **within five days of this Order**.

12. Finally, although defendants have not specifically requested that the Court set aside the clerk's entry of default, the Court finds that, for the reasons set forth above, good cause exists for setting aside the entry of default and, as such, the Court will order that the Clerk's entry of default be set aside. *See* Fed. R. Civ. P. 55(c).

**IT IS THEREFORE ORDERED** that defendants' **Motion to Extend Time (Doc. 11)** is hereby **GRANTED**. Defendants shall file their answer to the complaint **within five days of this Order**.

**IT IS FURTHER ORDERED** that the Clerk's entry of Default as to the defendants is hereby set aside.

**IT IS FURTHER ORDERED** that the pending **Motion for Default Judgment** (Doc. 12) is **DENIED** as moot.

**IT IS SO ORDERED.**

**/s/Jimm Larry Hendren**
**HON. JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**
