```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

**BANK OF AMERICA, N.A.**                                              **PLAINTIFF**

        v.        Civil No. 11-2096

**CARUK HOLDINGS ARKANSAS, LLC;
DENISE L. CARUK; and GORDON
C. CARUK**                                                             **DEFENDANTS**

### AMENDED AND SUBSTITUTED ORDER

For its Amended and Substituted Order, entered on this August 2, 2012, *nunc pro tunc* June 8, 2012, the Court states as follows:

This Amended and Substituted Order, which takes the place of the Court's June 8, 2012 Order (document #30), is entered to correct certain scrivener's errors, namely the transposition of the words "plaintiff" and "defendants." All corrections are underlined herein.

\* \* \*

Before the Court is <u>plaintiff's</u> **Unopposed Motion To Extend Deadline For Discovery** (document #29). In this motion, <u>plaintiff</u> states that the parties have been involved in settlement discussions since Fall, 2011, and as a result, have not completed discovery. Indeed, <u>plaintiff</u> asserts that it served interrogatories and requests for production of documents on all defendants on December 16, 2011, to which they have not yet responded.

The deadline for completion of discovery is June 8, 2012, and

plaintiff now asks that it be extended until July 31, 2012. Trial is scheduled for the week of November 5, 2012, but plaintiff contends that to its knowledge, no pre-trial deadlines would be affected by the requested extension.

The Court is surprised that the parties have conducted the case in this manner. It appears that they have engaged in six months or more of settlement negotiations, while neglecting to prepare the case for trial. Perhaps even now they are not seriously committed to doing so, as plaintiff does not seek to compel responses to its outstanding discovery, but only to elongate the time period in which to take discovery.

Moreover, contrary to plaintiff's representation, pre-trial deadlines *would* be affected by extending discovery to a little over two months before the start of trial. Under **F.R.C.P. 56(b)**, motions for summary judgment can be filed up to 30 days after the close of discovery unless the Court orders otherwise. When one figures in the time to respond to such a motion, and to reply to the response, there would be no time for the Court to consider it before the start of trial.

Under the circumstances, the Court will grant an extension, but a much shorter extension than requested -- until July 2, 2012 -- and will direct that all parties cooperate fully in completing discovery by this date.

**IT IS THEREFORE ORDERED** that plaintiff's **Unopposed Motion To**

**Extend Deadline For Discovery** (document #29) is **granted,** and the parties are allowed until July 2, 2012, to complete discovery.

**IT IS FURTHER ORDERED** that all parties cooperate fully in completing discovery by this date.

**IT IS SO ORDERED.**

                                         **/s/ Jimm Larry Hendren**
                                         **JIMM LARRY HENDREN**
                                         **UNITED STATES DISTRICT JUDGE**