```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  FORT SMITH DIVISION
```

**BANK OF AMERICA, N.A.**                                      **PLAINTIFF**

        v.        Civil No. 11-2096

**CARUK HOLDINGS ARKANSAS, LLC;**
**DENISE L. CARUK; and**
**GORDON C. CARUK**                                            **DEFENDANTS**

### O R D E R

Now on this 28th day of August, 2012, comes on for consideration plaintiff's **Motion for Contempt and Sanctions** (document #34), to which defendants have not responded. The Court, being well and sufficiently advised, finds and orders as follows:

    1.   Plaintiff Bank of America, N.A. (BANA) filed this action on May 27, 2011, seeking foreclosure on real property held by defendant Caruk Holdings. Defendants Gordon and Denise Caruk are personal guarantors of a Loan Agreement in favor of BANA, which is secured by the real property at issue.

    Defendants Mr. and Ms. Caruk (the Caruks) proceed pro se in this matter. Defendant Caruk Holdings is without representation.

    2.   By its Order of June 8, 2012 (document # 30—in which the Court, *inter alia*, granted defendants' unopposed motion to extend the deadline for completing discovery) the Court directed that "all parties cooperate fully in completing discovery by this date."

    3.   In the instant Motion, BANA asserts that the Caruks

failed to obey the Court's order to cooperate with discovery. Specifically, BANA says that, on June 14, 2012, it filed a Notice to take the Caruks' depositions on June 27, 2012, and that the Caruks failed to appear for those depositions. Accordingly, BANA asks the Court to grant its' motion and to accord it the following relief:

* to hold the Caruks in contempt;
* to require the Caruks to pay BANA's reasonable expenses and attorneys' fees associated with the missed depositions;
* to strike the Caruks' answer; and
* to grant it a default judgment against Caruks.

4. Caruks did not respond to the motion for contempt and, on July 18, 2012, the Court entered a show-cause order giving the Caruks ten (10) days in which to file a response.

5. Caruks failed to show cause or otherwise respond. Nonetheless, the Court set the matter for hearing on August 15, 2012, and notice of the hearing was sent to the Caruks at their last-known address.

6. Caruks failed to appear at the hearing either in person or by legal counsel.

Diana Borgognoni Snyder of Wright, Lindsey & Jennings, LLP appeared on behalf of BANA and, after hearing BANA's arguments, the Court took the matter under advisement—stating that it would

thereafter issue its ruling by written Order. It now does so.

    7.   Pursuant to Fed. R. Civ. P. 37(d)(1)(A), the Court may order sanctions if a party fails to appear for his own deposition after having received proper notice thereof. If sanctions are deemed appropriate, the Court must—at a minimum—require the party failing to appear to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

Other sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), namely

    (i)   directing that certain matters are deemed established;

    (ii)  prohibiting the use of certain evidence;

    (iii) striking pleadings in whole or in part;

    (iv)  staying further proceedings until an order is obeyed;

    (v)   dismissing the action in whole or in part; or

    (vi)  rendering a default judgment.

The rule specifically excludes a finding of contempt as a sanction for failing to appear for one's own deposition. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii).

    8.   BANA argues that contempt is appropriate based on the Caruks' failure to comply with a court order—specifically, this Court's June 8, 2012 Order, in which it instructed the parties to cooperate fully in completing discovery. However, as just noted,

holding the Caruks in contempt would be an inappropriate sanction for failing to appear for their depositions.

The Court has reviewed the language contained in its June 8, 2012 Order and considers it to be a general directive to cooperate in the discovery process. If it were to be read as BANA urges, any problem with discovery might well lead to a contempt citation. In these circumstances, the Court does not believe that the language of its Order was sufficiently clear and unambiguous to justify holding Caruks in contempt for failing to appear for the scheduled depositions. *See Imageware, Inc. v. U.S. West Commc'ns*, 219 F.3d 793, 797 (8th Cir. 2000). Therefore, to the extent the motion seeks a finding of contempt, it will be denied.

9. The Court notes that, in the circumstances shown, available sanctions could include an order striking the Caruks' answer and entering a default judgment. However, in light of the Court's Memorandum Opinion and Order to be entered contemporaneously on this date, it declines to utilize them at this time.

As previously stated, however, if sanctions are deemed appropriate, the Court must—at a minimum—require the party failing to appear to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

Caruks have made no showing that their failure to appear for their own depositions was substantially justified nor have they shown the Court any circumstances which might make an award of expenses unjust.

Accordingly, the Court finds that Caruks should be required to pay BANA's reasonable expenses—including reasonable attorney's fees—caused by their failure to appear for the scheduled depositions.

**IT IS THEREFORE ORDERED** that BANA's **Motion for Contempt and Sanctions** (document #34) is **denied in part** and **granted in part**.

**IT IS FURTHER ORDERED** that the Caruks pay to BANA its reasonable expenses, including attorney's fees, caused by their failure to appear for their depositions on June 27, 2012. The amount to be so paid includes BANA's expenses incurred in bringing the Motion for Contempt and Sanctions.

BANA is directed to submit an affidavit detailing those reasonable expenses within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**