```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                       FORT SMITH DIVISION
```

**BANK OF AMERICA, N.A.**                                            PLAINTIFF

          v.          Civil No. 11-2096

**CARUK HOLDINGS ARKANSAS, LLC;
DENISE L. CARUK; and
GORDON C. CARUK**                                                    DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

    Now on this 28th day of August, 2012, comes on for consideration plaintiff Bank of America, N.A.'s **Motion for Default Judgment or, Alternatively, Summary Judgment Against Defendant Caruk Holdings Arkansas, LLC** (document #38), to which no response has been filed. The Court, being well and sufficiently advised, finds and orders as follows:

    1.    Plaintiff Bank of America, N.A. (BANA) filed this action on May 27, 2011, seeking judgment on a financial obligation and the foreclosure of a lien on real property securing the obligation upon failure of defendants to pay the judgment.

    The pleadings indicate the real property securing the obligation is owned by defendant, Caruk Holdings Arkansas, LLC ("Caruk Holdings") and that separate defendants, Gordon and Denise Caruk (Caruks or Mr. and/or Mrs. Caruk) are personal guarantors of the obligation due BANA, which is secured by the real property at issue.

    2.    The Caruks proceed pro se in this matter, and separate

defendant, Caruk Holdings, is without representation.

    3.   On August 1, 2012, BANA filed the present motion seeking a default judgment against separate defendant, Caruk Holdings, based on its inability to participate in the litigation due to lack of representation. Alternatively, BANA seeks summary judgment against separate defendant Caruk Holdings.

Thus, the narrow questions presented by the motion under consideration are whether the Court should grant BANA either a default judgment or summary judgment against Caruk Holdings; and, if either, what—exactly—should any such judgment contain?

    4.   Caruk Holdings has failed to file a response to the motion, and the time for responding has now passed. The Court has received no motions to extend the time for filing a response.

    5.   The Court has considered and rejected the notion that a default judgment should be entered against Caruk Holdings. First, the docket shows that, after entry of a Clerk's Default against Caruk Holdings, the Court set it aside and permitted Caruk Holdings additional time to answer BANA's complaint (*See* document #18). Caruk Holdings—through counsel—then filed an Amended Answer (document #19) on or about August 18, 2011. Although counsel for Caruk Holdings later was permitted to withdraw (document #22), there is no indication in the record that the Amended Answer which had been filed on behalf of Caruk Holdings has been withdrawn or stricken. Thus, Caruk Holdings remains a

litigant before the Court. Second, although the entry of a default judgment against Caruk Holdings might be justified in light of its failure to appear and defend, such a remedy is harsh and not preferred—especially where, as here, it would appear that summary judgment may well be appropriate.

    6.   The Court will, therefore, turn to a consideration of BANA's motion for summary judgment as against Caruk Holdings.

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.56(a). Once the moving party has satisfied its initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set out specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party fails to do so, the moving party is entitled to judgment as a matter of law. *Id.*

**UNDISPUTED FACTS**

    7.   As required by Local Rule 56.1, BANA has filed a statement of the material facts it contends are not in dispute. There being no response from Caruk Holdings, these facts are deemed admitted and are as follows:

    (a)   On or about July 3, 2008, Stone Solutions, LLC executed

a Real Estate Loan Agreement in favor of BANA. The original principal amount of the Loan Agreement was $80,000, bearing interest at a rate of 7.100% per annum. Under the terms of the Loan Agreement, Stone Solutions promised to pay in monthly installments the outstanding balance of the Loan Agreement plus interest, beginning August 3, 2008, and ending on July 3, 2023.

    (b)   The Loan Agreement provides that Stone Solutions will be in default if, among other things,

       \* it "fails to make a payment . . . when due;"

       \* "[a]ny default occurs under any other agreement [Stone Solutions] has with [BANA] or any affiliate;" or

       \* "[a] default occurs under any other term or condition of [the] Agreement."

    (c)   The Loan Agreement also provides that Stone Solutions will be in default if it "files a bankruptcy petition, a bankruptcy petition is filed against [it], or [it] makes a general assignment for the benefit of creditors."

    (d)   The Loan Agreement also requires that Stone Solutions "maintain [BANA] as its principal depository bank, including for the maintenance of business, cash management, operating and administrative deposit accounts."

    (e)   Upon default, BANA is entitled to invoke any "rights and remedies authorized by law." This specifically includes, but is not limited to, the right to "declare any or all of the Secured

Obligations to be due and payable immediately" and "bring an action in any court of competent jurisdiction to foreclose."

(f) Simultaneously with the execution of the Loan Agreement and to secure its payment, Stone Solutions executed and delivered to BANA a "Mortgage, Assignment of Rents, Security Agreement and Fixture Filing." The Mortgage was filed for record in Sebastian County, Arkansas, on July 16, 2008.

(g) Pursuant to the Mortgage, Stone Solutions granted to BANA an interest in specific real property located in Mansfield, Sebastian County, Arkansas, and is more particularly described as follows:

> Part of the Northeast Quarter Southwest Quarter of Section 5, Township 4 North, Range 31 West, Greenwood District, Sebastian County, Arkansas

(the Real Property Collateral).

(h) The Mortgage provides that any of the following constitute an "Event of Default:"

> * [Stone Solutions] fails to make any payment, when due, under the [Loan Agreement] (after giving effect to any applicable grace period), or any other default occurs under and as defined in the [Loan Agreement] or in any other instrument or agreement evidencing any of the Secured Obligations and such default continues beyond any applicable cure period;
>
> * [Stone Solutions] fails to make any payment or perform any obligation which arises under this Mortgage;
>
> \* \* \*

> \* Any representation or warranty made in connection with this Mortgage or the Secured Obligations proves to have been false or misleading in any material respect when made;
>
> \* Any default occurs under any other mortgage on all or any part of the Property, or under any obligation secured by such mortgage, whether such mortgage is prior to or subordinate to this Mortgage;
>
> \* \* \*

(i) The Mortgage also provides that Stone Solutions "shall pay prior delinquency all taxes, levies, charges and assessments, including assessments on appurtenant water stock, imposed by any public or quasi-public authority or utility company which are (or if not paid, may become) a lien on all or part of the Property or any interest in it, or which may cause any decrease in the value of the Property or any part of it."

(j) The Mortgage further provides that upon the occurrence of an Event of Default, BANA "may declare any or all of the Secured Obligations to be due and payable immediately" and "in person, by agent or by court-appointed receiver, may enter, take possession of, manage and operate all or any part of the Property, and in its own name or in the names of Mortgagor, sue for or otherwise collect any and all Rents, including those that are past due, and may also do any and all other things in connection with those actions that Mortgagee may in its sole discretion consider necessary and appropriate to protect the security of this

Mortgage."

(k) On or about July 3, 2008, contemporaneous with the execution of the Loan Agreement and Mortgage, Mr. Caruk executed a "Continuing and Unconditional Guaranty" in favor of BANA.

(l) Also on or about July 3, 2008, Ms. Caruk executed a separate "Continuing and Unconditional Guaranty" in favor of BANA.

(m) Pursuant to these Guaranties, Mr. and Ms. Caruk irrevocably and unconditionally guarantee the payment and performance of Stone Solution's obligations to BANA as and when due, whether at stated maturity, upon acceleration, or otherwise. Mr. and Ms. Caruk's liabilities are joint and several with each other.

(n) The Guaranties provide that "[i]n the event that acceleration of time for payment of any of the Indebtedness is stayed upon the insolvency, bankruptcy, or reorganization of [Stone Solutions] or otherwise, all such Indebtedness guaranteed by [Mr. and Ms. Caruk] shall nonetheless be payable by [Mr. and Ms. Caruk] immediately if requested by [BANA]."

(o) On November 10, 2008, Stone Solutions transferred the Real Property Collateral to Caruk Holdings by warranty deed.

(p) On May 5, 2011, BANA sent a notice of default to Stone Solutions, Caruk Holdings, Caruk Holdings Arizona, LLC, and Mr. and Ms. Caruk at their last known addresses.

(q) BANA immediately exercised its right to accelerate the

debt represented by the Loan Documents, as that term is defined in the Complaint.

Although not stated expressly in BANA's statement of undisputed facts, the following facts are set out in the Complaint and further support BANA's motion:

(r) As of April 20, 2011, the balance due and owing to BANA of the obligation of Caruk Holdings—as guaranteed by the Caruks—was $88,429.20, representing the unpaid principal of $74,178.48; accrued and unpaid interest of $5,149.64; prepayment penalty of $1,745.35; and $7,355.73 in accrued and unpaid fees as provided in the pertinent loan documents. Interest continues to accrue on the obligation at the *per diem* rate of $14.629 for April 20, 2011, and each day thereafter until the date of the judgment to be pursuant to this Order. BANA is also entitled to an award of attorneys' fees and costs pursuant to the loan documents and as authorized by applicable law.

(s) The said obligation to BANA is secured by mortgage from Caruk Holdings' predecessor in title (Stone Solutions) to BANA on the Real Property Collateral and any interest of Caruk Holdings in the same is inferior to the interest of BANA.

(t) If the judgment to be entered herein be not paid within ten (10) days after its entry, BANA is entitled to an order of foreclosure on its said mortgage with the right to have it sold by judicial sale to satisfy the said judgment. Any such sale proceeds

shall be first applied to the costs of sale—including a Commissioner's fee to the Commissioner appointed by the Court to sell the real property collateral; then to the payment of BANA's judgment; and any remaining proceeds shall then be deposited into the registry of this Court to be distributed pursuant to further orders of the Court.

## DISCUSSION

8. The undisputed facts and the documents presented with BANA's pleadings show:

* that the obligation due BANA—as evidenced by the Loan Agreement and other documentation—is in default;

* that BANA holds a valid first lien on the Real Property Collateral given by Caruk Holdings to secure the payment of the said obligation;

* that BANA has the right to foreclose its lien on the Real Property Collateral if the obligation is not faithfully paid or the obligation otherwise is in default; and

* that BANA has satisfactorily shown that Stone Solutions (the obligor) has defaulted on the Loan Agreement by

    * failing to make payments when due;

    * transferring the Real Property Collateral;

    * failing to use BANA as its principal depository bank; and

    * failing to pay taxes when due.

-9-

Caruk Holdings has failed to dispute these allegations by offering any proof beyond the pleadings, and they are determined by the Court to have been established.

9.   Based on the foregoing facts, the Court finds that BANA's motion for summary judgment is good; that BANA is entitled to a judgment as described in this Order; and that it is further entitled to an order of foreclosure against the Real Property Collateral if the judgment be not paid.

10.  The Court notes that BANA has not sought summary judgment against either Mr. Caruk or Mrs. Caruk. In light of this Order and the perceived postures of the Caruks in this litigation, the Court deems it appropriate to direct BANA to seek such judgment against Caruks within ten (10) days of this Order.

**IT IS THEREFORE ORDERED** that BANA's motion for summary judgment against separate defendant Caruk Holdings Arkansas, LLC (document #38) is hereby **granted**. Judgment shall be entered by the Court under separate order within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

                                          /s/ Jimm Larry Hendren  
                                          **JIMM LARRY HENDREN**  
                                          **UNITED STATES DISTRICT JUDGE**