```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

**BANK OF AMERICA, N.A.**                                          **PLAINTIFF**

        v.              Civil No. 11-2096

**CARUK HOLDINGS ARKANSAS, LLC;**
**DENISE L. CARUK; and**
**GORDON C. CARUK**                                                **DEFENDANTS**

### O R D E R

    Now on this 5th day of December 2012, comes on for consideration plaintiff's **Status Report and Motion to Reactivate Case, Fix Deadlines, and Reset Dates** (document #50). The Court, being well and sufficiently advised, finds and orders as follows:

    1.   Plaintiff Bank of America, N.A. (BANA) filed this action on May 27, 2011, seeking foreclosure on real property held by defendant Caruk Holdings. Defendants Gordon and Denise Caruk (the Caruks) are personal guarantors of a Loan Agreement in favor of BANA, which is secured by the real property at issue.

    2.   On August 27, 2012, the Caruks filed a voluntary petition seeking bankruptcy protection under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*) in the United States Bankruptcy Court for the District of Arizona, docket number 2:12-bk-19096-SSC.

    3.   On August 28, 2012, the Court ordered the Caruks to pay BANA's reasonable expenses, including attorneys' fees, caused by their failure to appear for their June 27, 2012 depositions

(document #43). At that time, neither BANA nor the Court was aware of the Caruks' bankruptcy proceedings.

4. Also on August 28, 2012, the Court entered a Memorandum Opinion and Order granting BANA summary judgment against defendant Caruk Holdings Arkansas, LLC (document #44). The Court further ordered BANA to seek summary judgment from the Caruks within ten days of the Memorandum Opinion and Order. Again, neither BANA nor the Court was aware of the Caruks' bankruptcy proceedings at the time the order was entered.

5. On August 29, 2012, BANA filed a Notice and Suggestion of Bankruptcy Filing by Defendants Denise L. Caruk and Gordon C. Caruk, informing the Court of the Caruks' bankruptcy proceedings.

6. In light of the Caruks' bankruptcy proceedings, the Court ordered an administrative termination on October 9, 2012 (document #49), without prejudice to the right of the parties to reopen the case for good cause shown, for entry of any stipulation or order, or for any other purpose required to obtain final determination of this litigation.

7. Since that time, BANA has sought and obtained a relief from the automatic stay in the Caruks' bankruptcy proceedings, as evidenced by a copy of the Arizona Bankruptcy Court's November 14, 2012 order finding that

> [a]ll stays, injunctions against lien enforcement, including the automatic stay under 11 U.S.C. Section 362(a), are hereby terminated with respect to Bank of America, N.A.'s interest in and to the subject Real

>   Property located in Mansfield, Sebastian County, Arkansas, commonly known as 3002 West Highway 96, Mansfield, AR 72944.

The Arizona Bankruptcy Court's order was entered *nunc pro tunc* as of August 27, 2012, the date the Caruks filed their bankruptcy petition.

   8.   Based on the foregoing, the Court finds that this case should be reopened for good cause shown. The automatic stay, for which the administrative termination was ordered, has been lifted and is no longer a bar to BANA's proceeding in this litigation.

   9.   Because the Arizona Bankruptcy Court's order was entered *nunc pro tunc* as of August 27, 2012, the Court finds that its Order (document #43) and Memorandum Opinion (document #44) entered on August 28, 2012 remain valid and enforceable. BANA will be allowed ten (10) days from the date of this Order to comply with the directives of the August 28, 2012 orders. Specifically, BANA is directed to file the following within ten (10) days:

   *   an affidavit detailing its reasonable expenses, including attorneys' fees, caused by the Caruks' failure to appear for their depositions on June 27, 2012; and

   *   a motion seeking summary judgment against the Caruks.

   10.   An amended scheduling order setting a new trial date will be entered under separate order.

   **IT IS THEREFORE ORDERED** that BANA's **Motion to Reactivate Case, Fix Deadlines, and Reset Dates** (document #50) is **granted**,

and this case is hereby **reopened**.

**IT IS FURTHER ORDERED** that BANA file the following within ten (10) days of this order:

* an affidavit detailing its reasonable expenses, including attorneys' fees, caused by the Caruks' failure to appear for their depositions on June 27, 2012; and

* a motion seeking summary judgment against the Caruks.

**IT IS SO ORDERED.**

>   /s/ Jimm Larry Hendren
>   **JIMM LARRY HENDREN**
>   **UNITED STATES DISTRICT JUDGE**