IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BANK OF AMERICA, N.A.                                    PLAINTIFF

          v.           Civil No. 11-2096

CARUK HOLDINGS ARKANSAS, LLC;
DENISE L. CARUK; and
GORDON C. CARUK                                          DEFENDANTS

<u>MEMORANDUM OPINION</u>

Now on this 7th day of January 2013, comes on for consideration **Plaintiff's Motion for Summary Judgment Against Separate Defendants Gordon C. Caruk and Denise L. Caruk** (document #53), to which no response has been filed. The Court, being well and sufficiently advised, finds and orders as follows:

1.   Plaintiff Bank of America, N.A. (BANA) filed this action on May 27, 2011, seeking judgment on a financial obligation and the foreclosure of a lien on real property securing the obligation upon failure of defendants to pay the judgment.

The pleadings indicate the real property securing the obligation is owned by defendant, Caruk Holdings Arkansas, LLC ("Caruk Holdings") and that separate defendants Gordon and Denise Caruk (the Caruks) are personal guarantors of the obligation due BANA, which is secured by the real property at issue.

2.   The Caruks proceed pro se in this matter, and separate defendant, Caruk Holdings, is without representation.

3.   On August 28, 2012, the Court entered its Memorandum

Opinion and Order (document #44) granting summary judgment against Caruk Holdings. That same Order directed BANA to seek summary judgment against the Caruks, as well, before the Court would enter the judgment.

4.    Following the entry of the above-referenced Order, BANA notified the Court that the Caruks had filed a bankruptcy petition in Arizona. In light of the automatic stay pending the disposition of the bankruptcy proceedings, this case was administratively terminated on October 9, 2012. Thereafter, BANA obtained relief from the automatic stay, and this case was reopened on December 5, 2012.

5.    In accordance with the Court's directives, BANA filed the present Motion for Summary Judgment against the Caruks on December 14, 2012. BANA seeks a judgment in rem in the amount of $86,620.52 (representing $72,178.48 in unpaid principal, $13,860.26 in accrued and unpaid interest through December 6, 2012, $561.78 in prepayment premium, and $20 in release fees), with interest continuing to accrue at a legal rate of $14.24 per day.

BANA also seeks its attorneys' fees, expenses, and other collection costs incurred in this action, for a total amount of $56,764.35 (which includes its attorneys' fees and expenses resulting from the Caruks' failure to appear for their scheduled depositions).

6.    The Caruks failed to file a response to the motion, and the time for responding has now passed. The Court has received no motions to extend the time for filing a response.

7.    Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.56(a). Once the moving party has satisfied its initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set out specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party fails to do so, the moving party is entitled to judgment as a matter of law. *Id.*

## UNDISPUTED FACTS

7.    As required by Local Rule 56.1, BANA has filed a statement of the material facts it contends are not in dispute. There being no response from the Caruks, these facts are deemed admitted and are as follows:

(a)   On or about July 3, 2008, Stone Solutions, LLC executed a Real Estate Loan Agreement in favor of BANA. The original principal amount of the Loan Agreement was $80,000, bearing interest at a rate of 7.100% per annum. Under the terms of the Loan Agreement, Stone Solutions promised to pay in monthly

-3-

installments the outstanding balance of the Loan Agreement plus interest, beginning August 3, 2008, and ending on July 3, 2023.

(b)   The Loan Agreement provides that Stone Solutions will be in default if, among other things,

* it "fails to make a payment . . . when due;"

* "[a]ny default occurs under any other agreement [Stone Solutions] has with [BANA] or any affiliate;" or

* "[a] default occurs under any other term or condition of [the] Agreement."

(c)   The Loan Agreement also provides that Stone Solutions will be in default if it "files a bankruptcy petition, a bankruptcy petition is filed against [it], or [it] makes a general assignment for the benefit of creditors."

(d)   The Loan Agreement also requires that Stone Solutions "maintain [BANA] as its principal depository bank, including for the maintenance of business, cash management, operating and administrative deposit accounts."

(e)   Upon default, BANA is entitled to invoke any "rights and remedies authorized by law." This specifically includes, but is not limited to, the right to "declare any or all of the Secured Obligations to be due and payable immediately" and "bring an action in any court of competent jurisdiction to foreclose."

(f)   Simultaneously with the execution of the Loan Agreement and to secure its payment, Stone Solutions executed and delivered

to BANA a "Mortgage, Assignment of Rents, Security Agreement and Fixture Filing." The Mortgage was filed for record in Sebastian County, Arkansas, on July 16, 2008, as document number 7247351.

(g)  Pursuant to the Mortgage, Stone Solutions granted to BANA an interest in specific real property located in Mansfield, Sebastian County, Arkansas, and is more particularly described as follows:

> Part of the Northeast Quarter Southwest Quarter of Section 5, Township 4 North, Range 31 West, Greenwood District, Sebastian County, Arkansas

(the Real Property Collateral).

(h)  The Real Property Collateral was subsequently transferred from Stone Solutions to Caruk Holdings by warranty deed on November 10, 2008.

(i)  The Real Property Collateral was subsequently transferred from Caruk Holdings to the Caruks by warranty deed on August 10, 2012.

(j)  The Mortgage provides that any of the following constitute an "Event of Default:"

> * [Stone Solutions] fails to make any payment, when due, under the [Loan Agreement] (after giving effect to any applicable grace period), or any other default occurs under and as defined in the [Loan Agreement] or in any other instrument or agreement evidencing any of the Secured Obligations and such default continues beyond any applicable cure period;

> * [Stone Solutions] fails to make any payment

-5-

or perform any obligation which arises under this Mortgage;

* * *

* Any representation or warranty made in connection with this Mortgage or the Secured Obligations proves to have been false or misleading in any material respect when made;

* Any default occurs under any other mortgage on all or any part of the Property, or under any obligation secured by such mortgage, whether such mortgage is prior to or subordinate to this Mortgage;

* * *

(k)   The Mortgage also provides that Stone Solutions "shall pay prior delinquency all taxes, levies, charges and assessments, including assessments on appurtenant water stock, imposed by any public or quasi-public authority or utility company which are (or if not paid, may become) a lien on all or part of the Property or any interest in it, or which may cause any decrease in the value of the Property or any part of it."

(l)   The Mortgage further provides that upon the occurrence of an Event of Default, BANA "may declare any or all of the Secured Obligations to be due and payable immediately" and "in person, by agent or by court-appointed receiver, may enter, take possession of, manage and operate all or any part of the Property, and in its own name or in the names of Mortgagor, sue for or otherwise collect any and all Rents, including those that are past due, and may also do any and all other things in connection with

-6-

those actions that Mortgagee may in its sole discretion consider necessary and appropriate to protect the security of this Mortgage."

(m)   On or about July 3, 2008, contemporaneous with the execution of the Loan Agreement and Mortgage, Mr. Gordon C. Caruk executed a "Continuing and Unconditional Guaranty" in favor of BANA.

(n)   Also on or about July 3, 2008, Ms. Denise L. Caruk executed a separate "Continuing and Unconditional Guaranty" in favor of BANA.

(o)   Pursuant to these Guaranties, the Caruks irrevocably and unconditionally guarantee the payment and performance of Stone Solution's obligations to BANA as and when due, whether at stated maturity, upon acceleration, or otherwise. The Caruks' liabilities are joint and several with each other.

(p)   The Guaranties provide that "[i]n the event that acceleration of time for payment of any of the Indebtedness is stayed upon the insolvency, bankruptcy, or reorganization of [Stone Solutions] or otherwise, all such Indebtedness guaranteed by [the Caruks] shall nonetheless be payable by [the Caruks] immediately if requested by [BANA]."

(q)   On May 5, 2011, BANA sent a notice of default to Stone Solutions, Caruk Holdings, Caruk Holdings Arizona, LLC, and the Caruks at their last known addresses.

-7-

(r)  BANA immediately exercised its right to accelerate the debt represented by the Loan Documents, as that term is defined in the Complaint.

(s)  On August 27, 2012, the Caruks filed a voluntary petition seeking bankruptcy protection under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the District of Arizona, docket number 2:12-bk-19096-SSC.

(t)  On November 20, 2012, the Arizona Bankruptcy Court granted BANA relief from the automatic stay, finding that "[a]ll stays, injunctions against lien enforcement, including the automatic stay under 11 U.S.C. Section 362(a), are hereby terminated with respect to [BANA's] interest in and to the subject Real Property located in Mansfield, Sebastian County, Arkansas." The order also authorizes BANA to "exercise all of its remedies under applicable non-bankruptcy law, including but not limited to foreclosure proceedings with respect to the Real Property."

(u)  Any interest of Caruk Holdings or the Caruks in the Real Property Collateral is inferior to the interest of BANA.

### DISCUSSION

8.  The undisputed facts and the documents presented with BANA's pleadings show:

*    that the obligation due BANA -- as evidenced by the Loan Agreement and other documentation -- is in default;

&ast;    that BANA holds a valid first lien on the Real Property Collateral given by Caruk Holdings to secure the payment of the said obligation;

&ast;    that BANA has the right to foreclose its lien on the Real Property Collateral if the obligation is not faithfully paid or the obligation otherwise is in default; and

&ast;    that BANA has satisfactorily shown that Stone Solutions (the obligor) has defaulted on the Loan Agreement by

> &ast; failing to make payments when due;
>
> &ast; transferring the Real Property Collateral;
>
> &ast; failing to use BANA as its principal depository bank; and
>
> &ast; failing to pay taxes when due.

The Caruks have failed to dispute these allegations by offering any proof beyond the pleadings, and they are determined by the Court to have been established.

9.   Based on the foregoing facts, the Court finds that BANA's motion for summary judgment is good and that BANA is entitled to a judgment as described in this Order.

If the judgment to be entered herewith is not paid within ten (10) days after its entry, BANA is entitled to an order of foreclosure on its said mortgage with the right to have it sold by judicial sale to satisfy the said judgment. Any such sale proceeds shall be first applied to the costs of sale -- including a

-9-

Commissioner's fee to the Commissioner appointed by the Court to sell the real property collateral; then to the payment of BANA's judgment; and any remaining proceeds shall then be deposited into the registry of this Court to be distributed pursuant to further orders of the Court.

10.  The Court further notes that both the Loan Agreement and Mortgage provide for the collection of "reasonable costs and attorneys' fees" incurred by BANA in connection with the enforcement of the agreement, and the Court finds that BANA is so entitled.

However, while the affidavits of BANA representative Donald Duncan and attorney Diana Borgognoni Snyder state certain amounts they contend they are due, the basis for those amounts (including the type of work performed, hours expended, and hourly rates) is not made clear. Therefore, the Court will conduct a hearing on January 28, 2013, to determine the amount of BANA's reasonable attorneys' fees and costs.

**IT IS THEREFORE ORDERED** that **Plaintiff's Motion for Summary Judgment Against Separate Defendants Gordon C. Caruk and Denise L. Caruk** (document #53) is hereby **granted.** Judgment shall be entered by the Court under separate order following the determination of attorneys' fees.

**IT IS FURTHER ORDERED** that a hearing on the issue of attorneys' fees and costs will be conducted on **January 28, 2013,**

-10-

at **1:30 p.m.** in **Fort Smith, Arkansas.**

     **IT IS SO ORDERED.**

                              **/s/ Jimm Larry Hendren**
                              **JIMM LARRY HENDREN**
                              **UNITED STATES DISTRICT JUDGE**