```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

**BANK OF AMERICA, N.A.**                                    **PLAINTIFF**

            v.              Civil No. 11-2096

**CARUK HOLDINGS ARKANSAS, LLC;**
**DENISE L. CARUK; and**
**GORDON C. CARUK**                                          **DEFENDANTS**

### DECREE OF FORECLOSURE

Now on this 28th day of March 2013, this case comes on to be heard, and the Court being advised in the premises, finds as follows:

1. This Court has jurisdiction of the parties and subject matter herein.

2. Plaintiff Bank of America, N.A. (BANA) filed its Verified Complaint in Foreclosure against the defendants on May 27, 2011.

3. The defendants were served with summonses and copies of the Verified Complaint by personal service on or about June 3, 2011.

4. On or about July 3, 2008, Stone Solutions, LLC executed a Real Estate Loan Agreement in favor of BANA. The original principal amount of the Loan Agreement was $80,000, bearing interest at a rate of 7.100% per annum. Under the terms of the Loan Agreement, Stone Solutions promised to pay in monthly installments the outstanding balance of the Loan Agreement plus

interest, beginning August 3, 2008, and ending on July 3, 2023.

5.  Simultaneously with the execution of the Loan Agreement and to secure its payment, Stone Solutions executed and delivered to BANA a "Mortgage, Assignment of Rents, Security Agreement and Fixture Filing." The Mortgage was filed for record in Sebastian County, Arkansas, on July 16, 2008, as document number 7247351.

6.  On or about July 3, 2008, contemporaneous with the execution of the Loan Agreement and Mortgage, defendants Gordon C. Caruk and Denise L. Caruk each executed a "Continuing and Unconditional Guaranty" in favor of BANA. Pursuant to these Guaranties, the Caruks irrevocably and unconditionally guaranteed the payment and performance of Stone Solution's obligations to BANA as and when due, whether at stated maturity, upon acceleration, or otherwise. The Caruks' liabilities were joint and several with each other.

7.  Pursuant to the Mortgage, Stone Solutions granted to BANA an interest in specific real property located in Mansfield, Sebastian County, Arkansas, and is more particularly described as follows:

> Part of the Northeast Quarter Southwest Quarter of Section 5, Township 4 North, Range 31 West, Greenwood District, Sebastian County, Arkansas

(the Real Property Collateral).

7.  The Real Property Collateral was subsequently transferred from Stone Solutions to Caruk Holdings by warranty

deed on November 10, 2008.

8.   The Real Property Collateral was later transferred from Caruk Holdings to the Caruks by warranty deed on August 10, 2012.

9.   On May 5, 2011, BANA sent a notice of default to Stone Solutions, Caruk Holdings, Caruk Holdings Arizona, LLC, and the Caruks at their last known addresses.

10.  BANA immediately exercised its right to accelerate the debt represented by the Loan Documents, as that term is defined in the Verified Complaint.

11.  On August 27, 2012, the Caruks filed a voluntary petition seeking bankruptcy protection under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the District of Arizona, docket number 2:12-bk-19096-SSC.

12.  On November 20, 2012, the Arizona Bankruptcy Court granted BANA relief from the automatic stay, finding that "[a]ll stays, injunctions against lien enforcement, including the automatic stay under 11 U.S.C. Section 362(a), are hereby terminated with respect to [BANA's] interest in and to the subject Real Property located in Mansfield, Sebastian County, Arkansas." The order also authorized BANA to "exercise all of its remedies under applicable non-bankruptcy law, including but not limited to foreclosure proceedings with respect to the Real Property."

13.  Any interest of Caruk Holdings or the Caruks in the Real

Property Collateral is inferior to the interest of BANA.

14. On February 19, 2013, this Court entered its Amended and Substituted Memorandum Opinion granting summary judgment in favor of BANA against defendants Gordon and Denise Caruk.[1] Judgment in rem in the amount of $87,688.52 was entered on that same date, as well as attorneys' fees and costs in the amount of $65,729.80, bearing post-judgment interest at the rate of 0.15% per annum.

15. Despite notice and demand, defendants Gordon and Denise Caruk have neglected and refused to pay their obligation on this Loan Agreement and Mortgage and are in default thereon. BANA has declared the entire indebtedness due and payable and has elected to seek judgment and judicial aid of its claim, as allowed in said Mortgage and by law. There is due to BANA on account of this Loan Agreement the sum of $87,688.52, plus attorneys' fees and costs in the amount of $65,729.80, for a total of $153,418.32.

16. For a valuable consideration, defendants Gordon and Denise Caruk in said Mortgage waived all rights of dower, curtesy, homestead, appraisement, and redemption as to the property.

**IT IS THEREFORE ORDERED AND DECREED:**

\*   That BANA have and recover judgment in rem against the property, and not in personam against the defendants, the amount of **$153,418.32** (comprised of $87,688.52 due on the loan and the

---

[1] Defendant Caruk Holdings Arkansas, LLC was dismissed from the action in the February 19, 2013 Amended and Substituted Memorandum Opinion (document #61).

sum of $65,729.80 for attorneys' fees and costs), together with interest accruing thereon at the legal rate of 0.15% per annum pursuant to 28 U.S.C. § 1961(a) from the date of the judgment until paid, and costs herein laid out and expended.

*   That BANA's prayer for a Decree of Foreclosure should be, and is hereby, **granted.**

**IT IS FURTHER ORDERED** that, if the judgment herewith granted is not paid within ten (10) days from the date of this Order, the Commissioner of this Court -- hereinafter named -- shall advertise the time, place, and terms of judicial sale according to law and this decree, at least once weekly for four weeks prior to sale in a newspaper having a general circulation in Sebastian County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door of the Sebastian County Courthouse in Fort Smith, Arkansas, on a credit of three months, the property above described.  That the purchaser at said sale shall be required to give bond as proof of security, securing the payment of such purchase price and a lien shall remain on said land to further secure said purchase price until it be paid in full.

Provided however, that if BANA purchases the property for an amount not in excess of its judgment and costs, which are hereby granted, it may credit the amount of its bid, less all court costs (including Commissioner's fees and attorney's fees) against the

judgment at the time of the confirmation of such sale and need not give bond to secure the purchase price.

**IT IS FURTHER ORDERED** that upon judicial sale of this property, and confirmation thereof by this Court, then all right, title, and interest of all parties in and to said property, including any rights or possibility of curtesy, dower, homestead, appraisement, and redemption are forever barred and FORECLOSED. Should the sale bring proceeds or credits in excess of BANA's claim and costs, the Court will determine the rightful owner thereof.

**IT IS FURTHER ORDERED** that Harold M. Oglesby, United States Marshal for the Western District of Arkansas, be -- and is hereby -- appointed Commissioner of this Court to execute this Decree; to make the sale of the aforesaid property per this Order; and to report his action herein to the Court within five (5) days after such sale.

**IT IS FURTHER ORDERED** that upon a sale of the aforementioned property and confirmation thereof by this Court, the proceeds therefrom shall be paid by the Commissioner in the following priorities:

* To the Clerk of this Court for the costs of sale, including payment of the Commissioner's fees;

* To the Sebastian County Tax Collection for any unpaid general ad valorem taxes which might be due on the land sold; and

* To BANA in satisfaction of its judgment, including attorneys' fees, interest, and costs.

Any surplus proceeds remaining after payment of the above shall be paid into the registry of the Court to be distributed pursuant to further orders of the Court.

**IT IS FURTHER ORDERED** that, upon confirmation of such sale, the purchaser shall be entitled upon application to the Clerk of this Court to a writ of assistance to place him or her in possession of said land or property.

JURISDICTION of this case is retained.

**IT IS SO ORDERED.**

                                       **/s/ Jimm Larry Hendren**
                                       **JIMM LARRY HENDREN**
                                       **UNITED STATES DISTRICT JUDGE**