```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                FORT SMITH DIVISION
```

**BANK OF AMERICA, N.A.**                                              **PLAINTIFF**

        v.        Civil No. 11-2096

**CARUK HOLDINGS ARKANSAS, LLC;**
**DENISE L. CARUK; and**
**GORDON C. CARUK**                                                    **DEFENDANTS**

### O R D E R

Now on this 28th day of June 2013, comes on for consideration plaintiff's **Unopposed Motion to Modify Decree and Approve Agreement for Private Sale of Real Property** (document #64). The Court, being well and sufficiently advised, finds and orders as follows:

    1.   On February 19, 2013, this Court entered Judgment in rem in favor of plaintiff Bank of America, N.A. (BANA) against defendants Denise L. Caruk and Gordon C. Caruk (Caruks) in the amount of $87,688.52, plus attorneys' fees and expenses.

    2.   Thereafter, the Court entered a Decree of Foreclosure in which it granted BANA's prayer for foreclosure of Real Property held by the Caruks. The Decree provided for public sale of the Real Property by the Commissioner of the Court in the event the judgment was not paid within ten days of the decree.

    3.   BANA filed the present motion on June 17, 2013, stating that it had since received an offer to privately sell the Real Property for $82,500, $5,000 of which would be held in escrow for

the benefit of the Caruks' bankruptcy trustee. BANA states that the Caruks agree to the terms of the sale. It further states its belief that the private sale will result in the highest possible sale price. BANA asks the Court to modify its Decree to permit the private sale.

4. Pursuant to **28 U.S.C. § 2001(b)**, the Court may order a private sale of real property -- in lieu of a public sale -- if it finds that the best interests of the estate will be conserved thereby. However, before the Court can confirm such a sale, it must consider the appraisals of three disinterested appraisers and confirm that the sale price is not less than two-thirds of the property's appraised value. **28 U.S.C. § 2001(b)**. Additionally, the terms of the sale must be published in a newspaper of general circulation at least ten days before confirmation. **Id.**

5. Although BANA indicates that the private sale will result in the highest possible sale price for the Real Property at issue, it has not offered any proof from which the Court can determine the property's appraised value. Therefore, the Court cannot determine whether the offered price of $82,500 is at least two-thirds of the property's worth. Because these procedural safeguards have not been satisfied, the Court must deny BANA's motion at this time.

**IT IS THEREFORE ORDERED** that BANA's **Unopposed Motion to Modify Decree and Approve Agreement for Private Sale of Real**

**Property** (document #64) is **denied**.

**IT IS SO ORDERED.**

      /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**